## Case No. 7,066.

### In re IRONS.

[5 Blatchf. 166.] [1]

Circuit Court, N. D. New York. Sept., 1863.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

NELSON, Circuit Justice. The first question presented upon the return is, whether or not the petitioner is in the custody and keeping of the provost-marshal, and thus restrained of his liberty, within the meaning of the law which has provided the writ of habeas corpus as a fit and proper remedy. For, although the provost-marshal denies, in the return, that the petitioner is in his custody, or under any restraint from him, yet, if the facts stated or admitted in other parts of the return contradict, in legal effect, this denial, it must be regarded as the denial of a conclusion of law rather than of a fact.

The 12th section of the act of congress provides, that the persons so drawn shall be notified, &c., "requiring them to appear at a designated rendezvous, to report for duty." The 13th section provides, that any person drafted and notified to appear as aforesaid, may, on or before the day fixed for his appearance, furnish a substitute, &c.; and that any person failing to report for duty, after due service of notice, &c., shall be deemed a deserter, and shall be arrested by the provost-marshal, &c. The 14th section provides, that all drafted persons shall, on arriving at the rendezvous, be carefully inspected by the surgeon, &c., and that all persons drafted and claiming exemption, &c., shall present their claims to be exempted to the board, whose decision shall be final.

It is quite clear, from a view of these provisions of the act, that the person drafted is in the custody and under the control of the provost-marshal from the time he reports to him for duty, at the designated rendezvous, in pursuance of notice to that effect, after the draft has taken place. It is true that, on account of the pressure of business, the examination, to ascertain if the conscript is an able-bodied citizen, may not be made immediately on the report. The examination requires time, care, and deliberation, which may occupy days and weeks; but, whatever may be the time required in the given case, the drafted person must, during the intervening period, remain in the custody and under the control of the provost-marshal, unless specially discharged, on a proper application, or otherwise, by the voluntary act of the officer.

The next question on the return is, whether or not it was competent for the board to revise and recall its decision given on the 8th of August, exempting the petitioner from the draft, on the evidence of the election of his mother; or rather, confining myself to the precise question raised by the learned counsel for the provost-marshal, whether or not the board had made and published any decision, upon the evidence presented before them in behalf of the mother, in favor of the exemption of the relator. For, it was candidly admitted by the counsel, that if a decision had been made and published, it was, upon familiar authority, not competent for it to revise or recall that decision, as its powers were quasi judicial, special, and limited, and its power in the special case was exhausted, and it was functus officio. This principle is so well and firmly settled by authority, that it would be useless, after the frank admission of the counsel, to stop to refer to it.

As it respects the question, whether or not a decision was in fact made, it appears from the original papers which were presented to the board, and which were produced before me by the provost-marshal, on the hearing, that not only was a decision made, upon the evidence, discharging the petitioner, but a record was made upon the papers at the time, to that effect, and the decision was thereupon announced to the parties interested. Indeed, the fact is not denied, in the return. It is admitted, in terms, that the claim of exemption in behalf of the mother, made on the 8th of August, was allowed by the board, but that afterwards, and on the 19th of August, it was reconsidered and disallowed. Therefore, the distinction set up to take the case out of the rule admitted in respect to bodies clothed with special and limited judicial powers, has no foundation, either in fact or in law.

Without pursuing the case further, my conclusion is—1st. That the petitioner was, in contemplation of law, in the custody and under the control of the provost-marshal, at the time of the service of this writ of habeas corpus, and, also, at the time of the hearing; 2d. That the action of the board of enrolment, upon the evidence presented in behalf of the mother, on the 8th of August, exempting the petitioner, and discharging him from the enrolment and draft, exhausted its powers; and that the subsequent revisal of the decision was coram non judice and void.

The petitioner is entitled to his discharge from the custody and control of the provost-marshal, and to be freed from all restraint by him under or by virtue of the authority of the act of congress in question.